IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| REV. CALVIN WARREN,<br><br>Plaintiff,<br><br>vs.<br><br>FORMER PRESIDENT GEORGE BUSH, et. al.,<br><br>Defendants. | Cause No. CV-09-0080-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PERMISSION TO PROCEED IN FORMA PAUPERIS AND ISSUE A VEXATIOUS LITIGANT ORDER |

This matter comes before the Court on Plaintiff Rev. Calvin Warren's Motion to Proceed in Forma Pauperis (Court's Doc. No. 1) and proposed Complaint. (Court's Doc. No. 2).  Warren is proceeding pro se.[1]

I.  MOTION TO PROCEED IN FORMA PAUPERIS

Permission to proceed in forma pauperis is discretionary with the Court.  See 28 U.S.C. § 1915(a).  Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant

---

[1] Warren named his fiancee, Jillian Marthawn, as an additional plaintiff. He is not licensed to practice law in this Court and thus may not represent others. Accordingly, Rev. Calvin Warren is the sole plaintiff in this case.

cannot pay court costs and still provide the necessities of life for himself and his family. Adkins v. E. I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

 Warren alleges the "Crips and Bloods, Black polices" are sexually harassing and tried to aggravatedly beat and rape his fiancee, Jillian Marthawn. He states the Black polices are hindering Ms. Marthawn from coming to him. Warren also contends the federal government inserted technology into his and Ms. Marthawn's bodies to control them sexually.

 Warren's allegations are delusional and frivolous. The Court is not aware of any statutory or constitutional authority that would authorize the granting of relief based on any discernible factual allegation in Warren's pleading. Warren has alleged these same or similar facts in previous suits, which have been dismissed.

 Therefore, the Motion to Proceed in Forma Pauperis should be

denied. Because Warren is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Although the Court ordinarily gives litigants an opportunity to pay the $350.00 filing fee, it should not do so in this case. Warren has a history of filing repetitive, frivolous lawsuits. Long before he filed this action, Warren knew, from his previous filings, he likely would not be permitted to proceed in forma pauperis.

## II. VEXATIOUS LITIGANT ORDER

The Court has taken notice of Warren's many frivolous lawsuits filed in the past eight months in this Court. According to the U.S. Party/Case Index on PACER, Warren filed thirteen lawsuits in the District of Nevada between May 7, 2007 and July 25, 2008. Warren has filed twelve cases in this District since November 13, 2008.

Warren's allegations are continually fantastic, delusional, irrational, and frivolous. Warren's allegations are becoming increasingly inappropriate. Accordingly, the Court recommends the

issuance of a vexatious litigant pre-filing review order.

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits).  District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation.  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007); see also De Long, 912 F.2d at 1147.  Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he first meets certain requirements, such as obtaining leave of the court.  See e.g., O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990) (requiring pro se inmate deemed vexatious litigant to show good cause before being permitted to file future actions); De Long, 912 F.2d at 1146-47 (prohibiting filings of pro se litigant proceeding in forma pauperis without leave of the

district court); Moy v. United States, 906 F.2d 467, 469 (9th Cir. 1990) (forbidding pro se plaintiff from filing further complaints without prior approval of district court).

Pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate or District Judge prior to filing a complaint, can be appropriate in certain occasions but "should rarely be filed." De Long, 912 F.2d at 1147. "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." Molski, 500 F.3d at 1057. Nevertheless, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148; see also O'Loughlin, 920 F.2d 618.

The following four conditions must be met before issuing such an order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing all the cases that led the court to conclude that a vexatious litigant order was

warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored.  De Long, 912 F.2d at 1147-48.  The Court will examine these conditions as they pertain to Warren.

    A.  Notice to Oppose the Order

Warren is put on notice by these findings and recommendations that a vexatious litigant order is being recommended against him. Warren has an opportunity to object to the entry of the order by filing objections to these findings and recommendations as set forth below in the Notice of Right to Object to Findings & Recommendation and Consequences of Failure to Object.

    B.  Listing of Cases that Warrant Vexatious Litigant Order

Before his spate of filings in Montana, Warren filed the following thirteen cases in the District of Nevada:  (1)  Civil Action No. 2:05cv01315-BES-GWF (filed November 1, 2005; closed June 20, 2007–dismissed for failure to prosecute); (2)  Civil Action No. 2:07cv00599-KJD-GWF (filed May 7, 2007, closed May 24, 2007–"dismissed with prejudice based upon an indisputably meritless

legal theory and frivolity."); (3) Civil Action No. 2:07cv00612-JCM-GWF (filed May 9, 2007, closed June 18, 2008–dismissed for failing to file a complaint); (4) Civil Action No. 2:07cv00678-RLH-GWF (filed May 25, 2007, voluntarily dismissed June 11, 2007–alleged constitutional rights violated because technology was placed into his left arm and used to sexually control him for over thirteen years); (5) Civil Action No. 2:07cv00680-KJD-GWF (filed May 25, 2007, allegations regarding technology in his arm being use to control him sexually dismissed June 29, 2007 based on an "indisputably meritless legal theory and frivolity."); (6) Civil Action No. 2:08cv00016-KJD-PAL (filed January 4, 2008, dismissed with prejudice as frivolous on August 8, 2008); (7) Civil Action No. 2:08cv00018-RCJ-GWF (filed January 7, 2008, dismissed as frivolous April 18, 2008); (8) Civil Action No. 2:08cv00376-RLH-LRL (filed March 24, 2008, dismissed as delusional and frivolous August 18, 2008); (9) Civil Action No. 2:08cv00651-JCM-GWF (filed May 20, 2008, dismissed without prejudice for failure to state a claim July 17, 2008); (10) Civil Action No. 2:08cv00821-JCM-RJJ (filed June 24, 2008, status hearing set for July 23, 2008–no further docket entries); (11) Civil

Action No. 2:08cv00830-PMP-LRL (filed June 25, 2008, dismissed with prejudice as delusional and frivolous August 12, 2008); (12) Civil Action No. 2:08cv00962-KJD-LRL (filed July 25, 2008, dismissed as delusional and frivolous September 4, 2008); and (13) Civil Action No. 2:08cv00965-RCJ-RJJ (filed July 25, 2008, dismissed without prejudice on October 16, 2008, for failure to attend scheduling hearing).

In this District, Warren has filed the following twelve cases since November 13, 2008: (1) Civil Action No. 08-CV-00116-RFC-CSO (filed November 13, 2008, closed January 9, 2009; in forma pauperis motion denied because Warren did not show he was unable to pay the full filing fee); (2) Civil Action No. 08-CV-00132-BLG-RFC-CSO (filed December 22, 2008, closed February 19, 2009; in forma pauperis motion denied because Warren did not show he was unable to pay the full filing fee); (3) Civil Action No. 09-CV-00030-BLG-RFC-CSO (filed March 18, 2009, closed May 15, 2009; in forma pauperis motion denied because Warren did not show he was unable to pay the full filing fee); (4) Civil Action No. 09-CV-00035-BLG-RFC-CSO (filed April 3, 2009, closed May 18, 2009; in forma pauperis motion denied because Warren

did not show he was unable to pay the full filing fee); (5) Civil Action No. 09-CV-00036-BLG-RFC-CSO (filed April 6, 2009, closed June 22, 2009; in forma pauperis motion denied and case dismissed as sanction for failing to comply with Court Order); (6) Civil Action No. 09-CV-00047-BLG-RFC-CSO (filed April 21, 2009, closed June 4, 2009; in forma pauperis motion denied because Warren did not show he was unable to pay the full filing fee); (7) Civil Action No. 09-CV-00048-BLG-RFC-CSO (filed April 27, 2009, dismissed June 29, 2009 based upon frivolity and failure to comply with Court Order); (8) Civil Action No. 09-CV-00065-BLG-RFC-CSO (filed June 1, 2009, closed June 3, 2009; in forma pauperis motion denied based upon frivolity); (9) Civil Action No. 09-CV-00066-BLG-RFC-CSO (filed June 1, 2009, closed June 3, 2009; in forma pauperis motion denied based upon frivolity); (10) Civil Action No. 09-CV-00071-BLG-RFC-CSO (filed June 10, 2009, closed June 25, 2009; in forma pauperis motion denied based upon frivolity); (11) Civil Action No. 09-CV-00074-BLG-RFC-CSO (filed June 16, 2009, closed June 25, 2009; in forma pauperis motion denied based upon frivolity); and this case (12) Civil Action No. 09-CV-00080-BLG-RFC-CSO (filed

June 1, 2009).

    C.  Findings of Frivolous Nature of Warren's Filings

While several of Warren's applications to proceed in forma pauperis were denied because Warren did not show he was unable to pay the filing fee, the Court finds all of Warren's cases (except Civil Action Nos. 08-CV-00116-BLG-RFC-CSO and 09-CV-00036-BLG-RFC-CSO which were employment discrimination cases) raised the same or similar irrational allegations as raised in this case.  In all of these cases Warren's allegations are fantastic, delusional, frivolous, and patently without merit.  Warren always names prominent figures such as the current and former Presidents and their wives and prominent clergy as defendants.  He seems to fault these individuals for failing to protect him and his fiancee from an alleged attack upon his fiancee and/or not assisting him in finding a job.  He also continually refers to the federal government having inserted technology in both him and his fiancee and using this technology to control them sexually.  As set forth in many of the Court's prior Orders, there is no statutory or constitutional authority that would authorize the granting of relief based on any

discernible factual allegation in Warren's pleadings.  Warren's filings are offensive, rambling, and frequently incomprehensible.

　　D.  Narrowly Tailored Order

The recommended pre-filing order should preclude Warren from filing any cases against any current or former Presidents of the United States and their wives, and any cases against prominent clergy such as Billy Graham and Rev. Jesse Jackson.  It should prohibit Warren from filing any lawsuits regarding a failure to protect his fiancee or himself from random attacks and/or failing to assist him in finding employment.  Warren should also be prohibited from filing lawsuits regarding the placement of technology in his and his fiancee's bodies.  He should not be permitted to file any claims brought on behalf of others, including but not limited to his fiancee Jillian Marthawn.  Finally, Warren should not be allowed to file cases against general categories of defendants such as, "all clergy," "all police," "all law officers," "all Americans," "all gangs," and "all Crips and Bloods."

The Court has narrowly tailored this recommended order to encompasses only those cases that raise the frivolous issues previously,

and repeatedly, dismissed by this Court.

Accordingly the Court issues the following:

### RECOMMENDATION

1. Warren's Motion to Proceed In Forma Pauperis should be DENIED pursuant to 28 U.S.C. § 1915(g).

2. The Clerk of Court should be directed to close this case.

3. Warren should be declared a vexatious litigant.

4. The following pre-filing review order should be issued:

    a. Warren is barred from filing in this Court

        i. any case against the current or former Presidents of the United States and their wives;

        ii. any case against prominent clergy such as Billy Graham and Rev. Jesse Jackson;

        iii. any case regarding a failure to protect Warren's fiancee or himself from random attacks;

        iv. any case regarding the placement of technology in his and his fiancee's bodies;

        v. any case brought on behalf of others, including but

not limited to his fiancee Jillian Marthawn; and

      vi.  any case against general categories of defendants such as "all clergy," "all police," "all law officers," "all Americans," "all gangs," and "all Crips and Bloods."

  b.  Should Warren file any further actions, they should be filed in a miscellaneous civil case entitled In Re Rev. Calvin Warren and assigned to United States Magistrate Judge Carolyn S. Ostby. Judge Ostby will review all such filings to determine whether they should be filed under the appropriate standards and pertinent law.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](#), Warren may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is

made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 30th day of June, 2009.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge